UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SHERMAN GRAHAM,                                :
                                               :          NOT FOR PUBLICATION
       Plaintiff,                      :          MEMORANDUM & ORDER
                                               :
       -against-                       :
                                               :
CITY OF NEW YORK, NEW YORK,                    :          05-CV-5428 (CBA) (JMA)
CITY DEPARTMENT OF CORRECTIONS,                :
                                               :
       Defendants.                     :
                                               :
----------------------------------------------------------X

AMON, United States District Judge:

      Plaintiff Sherman Graham brought this action against his employer, the New York City Department of Corrections, alleging, *inter alia*, violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. On June 13, 2008, defendants moved for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.

      This motion was referred to the Honorable Joan M. Azrack, United States Magistrate Judge, for a Report and Recommendation ("R&R"). On March 10, 2009, Magistrate Judge Azrack recommended that defendants' motion be granted as to plaintiff's retaliation, national origin and New York Civil Service Law claims, and that defendants' motion be denied as to plaintiff's disparate treatment claim and his claim for municipal liability under 42 U.S.C. § 1981. Defendants filed timely objections to the R&R. No objections were filed by the plaintiff.

      The Court reviews Magistrate Judge Azrack's R&R de novo. See Fed. R. Civ. P. 72(b); The European Community v. RJR Nabisco, Inc., 134 F. Supp. 2d 297, 302 (E.D.N.Y. 2001).

      Defendants raise objections that Magistrate Judge Azrack improperly considered plaintiff's mere disagreements with demands made by his superiors as giving rise to an inference

of discrimination. Were this the case, defendants would be correct. Indeed, some instances discussed in the R&R may be read as involving disagreements with instructions plaintiff received from his supervisors. In other instances, however, plaintiff raises an issue of fact as to whether defendants fabricated his failure to follow instructions, either because the instructions were never given or because plaintiff in fact did comply with the instructions. For example, plaintiff contends that he was never given specific instructions to obtain new forms and clips needed to prepare inmate identification cards, despite Deputy Warden Olivo's insistence that plaintiff was so instructed. Similarly, in response to Deputy Warden Kripps's claim that plaintiff failed to comply with an order to review medical logs, Graham testified that he did in fact review the medical logs as instructed. Evidence that derelictions of duty were fabricated is relevant on the question of pretext.

Defendants further argue that the truth of complaints made about plaintiff's job performance is irrelevant. This might be true were the complaints emanating from a third party. See McPherson v. New York City Dept. of Educ., 457 F.3d 211, 215 (2d Cir. 2006) (stating that the inquiry focuses on the employer's motivations and that an employer need not base personnel decisions on evidence that would be admissible in court). In this case, however, plaintiff raises a factual issue as to whether the very supervisor who he contends discriminated against him made false complaints against him to justify a discriminatory action. This evidence is probative of whether the employer's stated justification was pretextual. See, e.g., Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000) ("[T]he plaintiff may attempt to establish that he was the victim of intentional discrimination by showing that the employer's proffered explanation is unworthy of credence." (internal quotation marks omitted)).

Defendants do raise legitimate concerns about the determination that Warden Curcio and Deputy Warden Olivo were policymakers such that their decisions can support municipal liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). "Whether the official in question possessed final policymaking authority is a legal question, which is to be answered on the basis of state law." Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000) (internal citations omitted). To satisfy this requirement, "the official in question need not be a municipal policymaker for all purposes. Rather, with respect to the conduct challenged, he must be 'responsible under state law for making policy in that area of the [municipality's] business.'" Id. (alteration and emphasis in original) (quoting St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988) (plurality opinion)). A court is to resolve this question by reference to "the relevant legal materials, including state and local positive law, as well as custom or usage having the force of law." Jett v. Dalls Indep. Sch. Dist., 491 U.S. 701, 737 (1989); see also Soto v. Schembri, 960 F. Supp. 751, 756-57, 759 (S.D.N.Y. 1991) (noting that "individuals who have policymaking authority can be identified by their receipt of such authority through express legislative grant, or through their delegation of policymaking authority from those to whom the power has been expressly granted").

On the face of the record before the Court, Olivo is not a policymaker because it does not appear that he had the last word on personnel decisions at plaintiff's place of employment. The record is not sufficient, however, to determine whether Warden Curcio is a policymaker under state law. The record needs to be supplemented on this issue to include "the relevant legal materials." Jett, 491 U.S. at 737.

Accordingly, the Court adopts the R&R in part and modifies it in part. Defendants'

motion for summary judgment is granted with respect to plaintiff's retaliation, national origin and New York Civil Service Law claims. Defendants' motion for summary judgment is denied as to plaintiff's disparate treatment claims. With regard to plaintiffs' <u>Monell</u> claim, defendants' motion for summary judgment is denied without prejudice to further development of the record on the issue of Warden Curcio's policymaking authority.

The Court hereby schedules a status conference to be held on April 14, 2009 at 10:30 AM in Courtroom 10D.

SO ORDERED.

Dated: Brooklyn, New York
      March 31, 2009

                                            Carol Bagley Amon
                                            United States District Judge